JAMES W. HART, Respondent, v. WILLIAM TAYLOR AND OTHERS, Appellants.

Appeal from a judgment in favor of the plaintiff, entered on a verdict.

This action is brought upon a contract in the words and figures following:

"$1125.　　　　　　　　　　　　New York, *January 6th*, 1871.

For account of E. M. Hendrickson, we promise to pay to J. W. Hart, or order, the sum of eleven hundred and twenty-five $\frac{00}{100}$ dollars, at the time when he receives the sum of five thousand dollars for draft, dated January 4th, 1871, made by E. M. Hendrickson, payable to our order and accepted by the Chatham National Bank, of the city of New York.

WILLIAM TAYLOR & SONS."

The draft referred to in the contract was in the form following:

$5000.00.　　　　　　　　Brooklyn, N. Y., *Jan'y 4th*, 1871.

To the Chatham National Bank, of New York:

Please pay to the order of William Taylor & Sons, the sum of five thousand dollars and charge to the account of

E. M. HENDRICKSON.

Across the face of this draft was written the following acceptance:

"Accepted. Payable when the safe now being built by E. M. Hendrickson for the bank, as per contract, is finished, placed in position in bank, and accepted by the bank officers.

NATHANIEL HAYDEN, *President.*"

It appeared that Hendrickson had entered into a contract with the bank to construct a safe for their banking building, according to certain plans and specifications, for the price of $7,000, payable when completed. Hendrickson had employed the defendants to manufacture and complete a portion of the safe, which they had done, and were entitled to receive therefor, with certain other claims, $2,700. They declined to deliver the safe to Hen-

drickson without payment, or security for their claim, and an arrangement then was made with the bank for the giving to defendants of the above acceptance, on their executing to the bank a guarantee that the safe should be completed and placed in position in the bank building, on or before the 1st day of February, 1871. The defendants executed such a guarantee on the 3d day of January, 1871. The plaintiff was cognizant of this guarantee, and his connection with it appeared upon its face. The safe was not completed and delivered at the time specified in the guarantee; and, on the twenty-ninth of March following, the defendants were notified in writing, by order of the board of directors of the bank, that unless the safe should be placed in position in the bank before 7 A. M., of Monday, April 3, 1871, the bank would decline to accept it, and hold the defendants responsible for any damages sustained by the failure to comply with the agreement.

The safe was then completed, and an effort was made by Hendrickson to get it to the bank building, which failed through his inefficiency. It was still in Brooklyn, and was there levied upon and held by the sheriff, by virtue of executions on two judgments against Hendrickson and one Le Baron, who had loaned to Hendrickson $2,500, for which he held an assignment of his contract with the bank, and a bill of sale of the safe, made prior to any other lien thereon. He had purchased the judgment and levies on execution, to strengthen his other liens, and taken possession of the safe. Evidence was given tending to show that in this condition of things the defendants, in good faith, for the purpose of having the safe delivered and put in position so that the bank would make payment of the drafts, and they be protected from loss on their guarantee, indorsed the acceptance of the bank to Le Baron and recognized the priority of his claims; and through him the safe was delivered and set up in time, and the bank paid to him the amount of the drafts (less a small sum for expenses), and that Le Baron paid to himself out of the proceeds the amount of his demand, and the balance, being less than $1,000, to the defendants.

The General Term *held*, that the question was, whether the defendants had received the $5,000 on the conditional acceptance, or, if they had not done so in fact, whether their acts in indorsing the acceptance over to Le Baron were, under the circumstances, of

such a character as to be equivalent to the actual receipt of the money from the bank; that without the existence of one of these alternatives the right of plaintiff to demand and recover the $1,125 would not accrue; and that the judgment should be reversed on the ground that the judge erred in not so charging the jury.

*Wm. W. Peck*, for appellants.  *I. T. Williams*, for respondent.

Opinion by DAVIS, P. J.

DANIELS, J., concurred.

Judgment reversed and new trial granted, costs to abide the event.